**IN RE: Dante Amor MORRIS, Petitioner.**

No. 10–3954.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. Oct. 21, 2010.

Opinion filed: Nov. 12, 2010.

Dante Amor Morris, Fort Dix, NJ, pro se.

John J. Pease, III, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Respondent.

Before: RENDELL, FUENTES and SMITH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Petitioner Dante Morris seeks a writ of mandamus directing the District Court to grant his release from prison and to compel the prosecutor involved in his case to "enforce" certain unspecified obligations to him. We will deny the petition.

---

In March 2004, Morris pled guilty to thirty-six counts of possessing and uttering counterfeit checks, in violation of 18 U.S.C. § 513(a). The District Court sentenced Morris to eight months of imprisonment, a three year term of supervised release, a special assessment of $3,600, and restitution in the amount of $29,135.17. After his release from prison, Morris failed to report to the U.S. Probation Office and, in August 2004, the District Court issued a warrant for his arrest. Morris remained a fugitive until he was arrested by the U.S. Marshals Service in January 2010. At a hearing that same month, the District Court revoked Morris' supervised release and imposed a sentence of twenty-four months of imprisonment. Morris subsequently filed a notice of appeal in this Court arguing, inter alia, that the District Court lacks jurisdiction over his case. *See United States v. Dante Morris*, C.A. No. 10–2507. While that appeal was pending, he filed the instant mandamus petition.

Although the relief that Morris seeks in his petition is not entirely clear, he appears to request review of the same issue that he raised on direct appeal—that the District Court lacks jurisdiction over his case and, as a result, he should be released from prison. He also argues that the prosecutor involved in his case owes him certain "obligations," but does not specify what those obligations are.

A writ of mandamus is a drastic remedy available only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropri-

ate under the circumstances." *Hollingsworth v. Perry*, —— U.S. ——, 130 S.Ct. 705, 710, 175 L.Ed.2d 657 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus cannot serve as a substitute for an appeal. *See Madden v. Myers*, 102 F.3d 74, 77 (3d Cir.1996).

Because Morris filed his mandamus petition while his direct appeal was still pending in this Court and mandamus is not a substitute for an appeal, we will deny the petition.[1]

---

1. To the extent Morris also alleges that the prosecutor involved in his case has failed to satisfy certain obligations, he has not set forth anything in support of the assertion, let alone demonstrated that mandamus relief is warranted.